UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 06-2222(DSD/SRN)

Robert W. Martin, Jr.,

    Plaintiff,

v.

Auto-Owners Insurance Company,

    Defendant and Third
    Party Plaintiff,

v.

Randy Beyer,

    Third-Party Defendant.

**FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER FOR JUDGMENT**

    James E. Malters, Esq. and Malters, Shepherd & Von Holtum, P.O. Box 517, Worthington, MN 56187, counsel for plaintiff.

    Thomas E. Emmer, Jr., Esq., and Emmer Law Firm, P.O. Box 650, Delano, MN 55328, counsel for defendant and third-party defendant.

This is an indemnity action brought by defendant Auto-Owners Insurance Company ("Auto-Owners") against third-party defendant Randy Beyer ("Beyer"). On June 2, 2006, plaintiff Robert Martin ("Martin") filed the initial action against Auto-Owners seeking coverage under his automobile insurance policy. Martin and Auto-Owners reached a settlement agreement on May 15, 2007. Beyer did not participate in the settlement conference. As part of the settlement, Auto-Owners reserved its rights against Beyer. This matter was tried before the undersigned on June 25, 2007. Based

upon the evidence, testimony and arguments of counsel presented, the court makes the following:

## FINDINGS OF FACT

1. On February 5, 2004, Beyer was involved in a one-vehicle rollover accident on Interstate 90, west of Luverne, Minnesota.

2. Icy patches had formed on areas of Interstate 90 due to temperatures below freezing, mist and snow.

3. Beyer was traveling eastbound on Interstate 90 in a 1978 LUV Chevrolet pickup truck at speeds averaging sixty-five miles per hour, hit an icy patch and rolled his vehicle into the median.

4. Beyer's speed was unreasonable given the weather and road conditions that day.

5. Martin was driving eastbound on Interstate 90 when he encountered Beyer's rolled-over vehicle.

6. Martin pulled over, exited his vehicle, approached Beyer's overturned pickup and attempted to extricate Beyer from the vehicle.

7. While assisting Beyer, Martin sustained permanent injuries when the door of Beyer's vehicle hit him across the back of his head and right shoulder.

8. Martin received a cervical epidural steroid injection and underwent an anterior cervical discectomy and fusion to treat his injuries.

9.   On February 5, 2004, Beyer did not have liability insurance on his vehicle as required by Minnesota law.

10.  On February 5, 2004, Martin had a contract of insurance with Auto-Owners that provided medical expense benefits as required by Minnesota Statutes § 65B.44 in the amount of twenty thousand dollars and uninsured motorist benefits in the amount of one hundred thousand dollars.

11.  Because Beyer's vehicle was not insured at the time of the accident, Martin brought a claim against Auto-Owners seeking uninsured motorist, medical expense and disability benefits and income loss benefits.

12.  Auto-Owners filed a third-party claim against Beyer to recover payments made to Martin as a result of injuries he sustained in connection with the February 5, 2004, accident.

13.  Auto-Owners and Martin settled Martin's claims.  Auto-Owners paid Martin medical expense benefits in the amount of twenty thousand dollars and uninsured motorist benefits in the amount of eighty thousand dollars.

**CONCLUSIONS OF LAW**

1.   Under Minnesota law, "no person shall drive a vehicle on a highway at a speed greater than is reasonable and prudent under the conditions."  Minn. Stat. § 169.14.  The fact that a vehicle skidded, on its own, is not evidence of negligence.  See Leach v.

3

Estate of Dahl, 419 N.W.2d 93, 98 (Minn. Ct. App. 1988). However, if the skidding and accident could have been prevented by the use of reasonable care, then it can be evidence of negligence. Id.

2. Beyer was negligent because he failed to travel at a reasonable speed given the weather and road conditions on February 5, 2004, and the court concludes that Beyer's accident was a result of his negligence.

3. In Minnesota, a person who comes to the aid of an accident victim will be compensated by the person whose negligence caused the accident if the rescuer is injured while attempting to save the victim. See Arnold v. N. States Power Co., 297 N.W. 182, 186 (Minn. 1941); Benike v. Dairyland Ins. Co., 520 N.W.2d 465, 468 (Minn. Ct. App. 1994) (Amundson, J., concurring).

4. Based upon the evidence and testimony presented at trial, Martin was permanently injured attempting to rescue Beyer from an accident caused by Beyer's negligence.

5. Martin, therefore, is entitled to compensation from Beyer for the injuries he sustained during the rescue.

6. After payment of a loss, "an insurer is entitled to pursue those rights which the insured may have against a third party whose negligence or wrongful act caused the loss." Ill. Farmers Ins. Co. v. Nash, 651 N.W.2d 205, 207 (Minn. Ct. App. 2002); see Travelers Indem. Co. v. Vaccari, 245 N.W.2d 844, 846 (Minn. 1976).

7. Auto-Owners has satisfied its contractual obligations by paying one hundred thousand dollars to Martin for his injuries and damages sustained while rescuing Beyer. Accordingly, the court determines that Auto-Owners is now entitled to indemnity from Beyer.

Therefore, based upon the above findings of fact and conclusions of law, **IT IS HEREBY ORDERED** that judgment be entered in favor of defendant Auto-Owners Insurance Company and against third-party defendant Randy Beyer in the amount of one hundred thousand dollars.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:   June 27, 2007

s/David S. Doty<br>
David S. Doty, Judge<br>
United States District Court